Lucy W. COZIER, as Executrix named in the Last Will and Testament of Philip H. Cozier, deceased, and Lucy W. Cozier, as Administratrix on the Estate of Steven P. Cozier, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC. and Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

United States District Court
S. D. New York.
May 9, 1960.

Gair & Gair, New York City, for plaintiff, Edward M. O'Brien, New York City, of counsel.

Arthur Richenthal, New York City, for defendant Kollsman Instrument Corp.

SUGARMAN, District Judge.

On February 3, 1959 an Electra airplane, owned by American Airlines, Inc. crashed in the East River, killing the husband and infant son of plaintiff. She commenced an action against the owner (American), Lockheed Aircraft Corporation (Lockheed), the manufacturer of the Electra, and Kollsman Instrument Corporation (Kollsman), the maker of the altimeters used on the Electra when she crashed.

Pursuant to F.R.Civ.P. 33, 28 U.S. C.A., interrogatories were served by the plaintiff upon Kollsman. The latter served no objections thereto and answered same.

Plaintiff now moves pursuant to F.R. Civ.P. 37(a) for an order requiring further answers to interrogatories 197–206 inclusive. Interrogatories 197–202 inclusive seek Kollsman's "knowledge of any acts or omissions" by American, Lockheed or anyone else "which caused or contributed to the accident" and details thereof.

In answering the interrogatories with respect to American and Lockheed, Kollsman states that:

"This defendant is familiar with certain acts of American Airlines, its agents, servants or employees * * * but the question of whether any such acts caused or contributed to the accident is a question of fact for the Court and jury."

"This defendant is familiar with certain acts of Lockheed Aircraft Corporation, its agents, servants or employees * * * but the question of whether any such acts caused or contributed to the accident is a question of fact for the Court and jury."

Thus, the "answers" given are not answers; they are refusals to answer.

In the affidavit of Kollsman's president in opposition to this motion, it appears that Kollsman claims it has no "personal knowledge of the events surrounding the accident or the manner in which the accident occurred".

"Knowledge" is a word of many meanings. Webster's New International Dictionary, Second Edition, Unabridged (1936), shows that it can mean:

"2. Familiarity gained by actual experience; practical skill; technical acquaintance; as, a *knowledge* of life."

It can also mean:

"4. The act or state of understanding; clear perception of fact or truth; familiar cognizance; cognition. Knowledge acquired by the senses or by feeling or intuition (or the internal sense) has been variously called *knowledge of acquaintance,* or *immediate knowledge, intuitive knowledge, sensitive knowledge,* etc.; knowledge obtained by intellectual processes of abstraction and comparison has been variously called *knowledge about,* or *abstractive knowledge, intellective knowledge, representative knowledge,* etc."

Interrogatories 203–206 inclusive inquire about weather conditions and acts of God causing or contributing to the accident. Here Kollsman contents itself with the answer, "This is a question of fact for determination by the Court and jury".

This motion does not require a determination of the propriety of the interrogatories because Kollsman did not object to them. In that posture Kollsman should now disclose its "knowledge" regardless of the source thereof.

Kollsman will further answer the plaintiff's interrogatories 197–206 inclusive, giving its knowledge, if any, of the matters inquired into and it may, if it desires, state what type knowledge is being disclosed.

Settle an order.